CHURCH v. FROST, appellant.

*Claim and delivery — cause of action — Estoppel — giving return bond does not estop from denying demand, etc.*

Defendant, a railroad agent, being in possession of property refused to deliver it to plaintiff without an order from a third person and payment of freight charges. The order was received and freight paid, and defendant then offered to surrender the property to plaintiff. But plaintiff proceeded to bring a replevin suit and seize the property. Defendant then denied plaintiff's ownership, and gave a bond and obtained a return of the property. *Held*, that plaintiff had no cause of action at the beginning of the suit, and defendant was not estopped, by giving the return bond, from showing that he offered to surrender the property before the suit was commenced, and thus defeat the recovery of plaintiff, although the latter was proved to be owner of the property.

APPEAL by the defendant from a judgment in an action of claim and delivery recovered by plaintiff at circuit, and from an order denying a motion for a new trial. The opinion states the facts.

*E. H. Benn*, for appellant.

*Erastus P. Hart*, for respondent, cited *Meredith* v. *Hodges*, 5 Bos. & Pull. 453; *Clark* v. *Baker*, 13 East. 273; Herm. on Estop. 356; *Lipscombe* v. *Holmes*, 2 Camp. 441.

MULLIN, P. J. In May, 1869, an act was passed by the legislature of this State appointing three commissioners to cause to be built a free bridge across the Chemung river, in the town of Chemung, in Chemung county. These commissioners entered into a contract with one D. B. Smith to build said bridge. The performance of the contract was secured by the bond of Smith with several sureties.

Smith made a contract with the plaintiff to furnish a large amount of timber, upon credit, to be used in the construction of said bridge. The timber was sent by the plaintiff, pursuant to his contract, by the Erie railroad to Smith at the Chemung station on said road. The defendant was the agent of the railroad company at said station.

After that part of the timber designed to be used in the erection of the pillars of said bridge arrived at the Chemung depot, an agent

of Smith's applied to defendant for permission to move such timber across the river, fearing a rise in said river that would prevent fording it with teams.

The defendant consented to the removal, but it was to be without prejudice to his lien on the timber for freight, and the timber was thereupon taken across the river.

Subsequently the residue of the timber arrived at said station, and was unloaded from the cars and piled on the land of the railroad company.

Plaintiff insisting that Smith was insolvent and that he had the right to stop said property in *transitu*, applied to defendant to deliver him the said timber, and offered to pay the freight due thereon. The defendant told plaintiff that he could not deliver it until he had consulted the officers of the company, which he promised to do the next day. On the next day he went to Elmira, where the company had an office and where one of its attorneys resided, and was advised by the attorney not to deliver the property to the plaintiff until an order from Smith to that effect was delivered to him.

He informed the plaintiff of the advice received, and thereupon plaintiff procured an order from Smith directing defendant to deliver the property to the plaintiff which was presented to defendant, and the unpaid freight handed to him. The agent thereupon told plaintiff that he could have the timber, and immediately thereafter the sheriff served on defendant the summons in this action.

In the complaint the plaintiff alleges his ownership of the property, and that the defendant detains the possession thereof from him. The plaintiff demands judgment that the possession of said property be restored him with damages for its detention.

The defendant, in his answer, sets out the shipment of said timber by the railroad company and its lien for freight thereon. That a part of said timber had been removed from the land of the company before the plaintiff made claim to the property on which freight had been paid. The defendant denies possession of said timber, or that he in any way interfered therewith except as the agent of said railroad company, in whose behalf he claimed to hold said property until the freight on said timber was paid. The defendant also denies any knowledge whether plaintiff owned or was entitled to the possession thereof. The defendant alleges on information and belief, that the bridge commissioners owned said timber at the commencement of the action, and were entitled to the possession thereof.

Within the time prescribed by the Code, the defendant gave to the sheriff the bond required to obtain a return of said property to him, and it was returned accordingly.

On the trial the defendant gave evidence tending to prove that the bridge commissioners owned said timber at the time the action was commenced, and the plaintiff gave evidence to show that he and not the commissioners owned it, and the question was submitted to the jury and they found in favor of the plaintiff, thus establishing the plaintiff's title to said property.

When the action was commenced the plaintiff had no cause of action against the defendant. He claimed to detain the property only as the agent of the railroad company until its lien for freight was paid. The freight was paid to defendant and he surrendered all claims to or liens on said property before the action was commenced. Under these circumstances no recovery could be had against him. *Savage* v. *Perkins*, 11 How. 17; *Nosser* v. *Corwin*, 36 How. 540; *Christie* v. *Corbett*, 34 id. 19.

The only question remaining to be considered is, whether defendant, by subsequently to the commencement of the action putting in a bond and demanding a return of said property, has estopped himself from denying a demand and refusal of said property, thus giving to the plaintiff a right of action he did not have when he commenced his suit.

A cause of action must be complete at the time of the commencement of the action, and hence the plaintiff cannot prove any fact occurring subsequently in support of such cause of action. *McCullough* v. *Colby*, 4 Bosw. 603.

The defendant cannot support his defense by matters occurring subsequent to putting in his answer, unless the facts are such as may be set up in a supplemental answer under section 177 of the Code. It follows that any defense that arises between the commencement of the action and putting in the answer is available to the defendant to defeat the action. *Willis* v. *Chipp*, 9 How. 568; Moak's Van Santv. Pl. 635.

In this case, and it is a case that may and does sometimes happen, the defendant was willing to surrender possession of the property and avoid litigation; the plaintiff was not satisfied to receive his property and leave the defendant in peace. It would seem that he was so anxious for a lawsuit that before the sound of defendant's voice consenting to give up the lumber had died upon his ear, he

caused the summons to be served, alleging a non-surrender of the property, when he knew that all claim to it on the part of the defendant was abandoned.

Can any good and sufficient reason be assigned why a party may not waive a right to detain property to avoid litigation, and failing in that, assert his right and defeat the action so unjustly commenced?

Let us suppose that after the commencement of the action and before defendant required a return of the property, the bridge commissioners asserted a title to the lumber and threatened a prosecution if he did not surrender it to them, might he not, for his own protection, demand a return of the property to protect himself against what might prove to be a well-founded claim of such commissioners? In both the cases supposed, it seems to me that the defendant might assert a claim to the timber.

Had plaintiff been induced to bring the action by reason of the abandonment of the claim to the property by the defendant, he would be estopped from afterward asserting a claim to the timber. But he did not act upon such abandonment of defendant's claim, on the contrary he repudiated it and brought this action as if no such surrender had ever been made.

If, upon the facts appearing in this case, either party should be held to be estopped, it should be, it seems to me, the plaintiff. He refused to allow the defendant to surrender the timber without a lawsuit, and having refused to receive the property, he should not be allowed to object to any defense the defendant might have to the action.

The plaintiff, in his complaint, alleged divers matters occurring after the summons was served, and the defendant has omitted to answer such allegations. The plaintiff now insists that these facts are admitted by the answer, and seeks to use the admission in support of the alleged estoppel.

It would have been proper for the defendant to have had these allegations stricken out before answer, but they are so irrelevant that the omission to answer them ought not to prejudice the defendant.

The judgment must be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed, and new trial ordered.*